# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) TMBRS PROPERTY HOLDINGS, LLC, a Utah Limited Liability Company,<br>2) ZIBALSTAR, L.C., a Utah Limited Liability Company, and<br>3) GARY BRINTON, an individual,<br><br>          Plaintiffs,<br><br>v.<br><br>1) ROBERT CONTE, an individual,<br>2) MARK BEESLEY, an individual,<br>3) 2140 S. 109TH EAST OK, LLC, a Texas Limited Liability Company,<br>4) OXFORDSHIRE HOLDINGS, LLC, a Texas Limited Liability Company,<br>5) 2507 SOUTH 87TH EAST AVE OK, LLC, a Texas Limited Liability Company,<br>6) 2523 EAST 10TH STREET OK, LLC, a Texas Limited Liability Company,<br>7) HEATHROW HOLDINGS, LLC, a Texas Limited Liability Company,<br>8) SCOTT PACE, an individual,<br>9) NIDIA RUIZ, an individual,<br>10) ERIC MANRIQUEZ, an individual,<br><br>          Defendants,<br>and<br><br>TULSA SILVERWOOD APARTMENTS, L.L.C.,<br><br>          Intervenor/Defendant. | Case No. 17-cv-494-JED-FHM |

## OPINION & ORDER

Before the Court is Cross-Defendant Mark Beesley's Motion to Dismiss Cross-Claims of Defendant Scott E. Pace, M.D. and Intervenor/Defendant Silverwood Apartments, L.L.C. (Doc. 77). Scott E. Pace, M.D. ("Pace") and Silverwood Apartments, L.L.C., have filed a combined Response and Objection (Doc. 90), and Mark Beesley has filed a Reply (Doc. 95).

**I.    Background**

Plaintiffs' First Amended Complaint (Doc. 54) in this case contains five counts against ten Defendants and involves a total of five properties located in Tulsa, Oklahoma: the Cove Apartments, the Bradford Townhomes, the Four Oaks Apartments, the Silverwood Apartments, and the Whispering Oaks Apartments. Defendant Pace and Intervenor/Defendant Silverwood Apartments, L.L.C., have filed counter-claims against Plaintiffs (Doc. 25, 64) and cross-claims against the other Defendants (Doc. 26, 65).

In Pace's cross-claim, he requests that the Court "[d]eclare and determine that the Defendants other than Defendant Pace (and each of them) have no right or claim to" the Silverwood Apartments, the Four Oaks Apartments, or the Whispering Oaks Apartments. (Doc. 26 at 6). He further asks the Court to "order [the other Defendants] to vacate and surrender the premises, and disgorge to Defendant Pace any monies had and received by them in connection with said property." (*Id*. at 6-7). In Tulsa Silverwood Apartments, L.L.C.'s cross-claim, the company requests the Court to (1) "[d]eclare that absolute fee simple title to the Silverwood Apartments be perfected, established, vested and quieted in favor of Tulsa Silverwood Apartments, LLC" and (2) "[d]eclare and determine that the Defendants other than Tulsa Silverwood (and each of them) have no right or claim to the Silverwood Apartments, order them to vacate and surrender the premises and disgorge to Defendant Tulsa Silverwood any monies had and received by them in connection with said property." (Doc. 65 at 6). Both Pace and Tulsa Silverwood Apartments, L.L.C., further request the Court to grant them their costs and attorneys' fees. (Doc. 26 at 7; Doc. 65 at 6).

Cross-Defendant Beesley argues that the cross-claims brought against him by Pace and Silverwood Apartments, L.L.C., must be dismissed for lack of personal jurisdiction, pursuant to

2

Fed. R. Civ. P. 12(b)(2), and/or failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, he moves for a more definite statement under Fed. R. Civ. P. 12(e). Because the Court finds that the cross-claimants have failed to state a viable claim against Beesley, this opinion will be limited to a discussion of Fed. R. Civ. P. 12(b)(6).

**II.     Legal Standards**

"To survive a motion under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court must liberally construe the pleadings, take all well-pleaded facts as true, and make all reasonable inferences in favor of the non-moving party. *Brokers' Choice of Am.*, 861 F.3d at 1105.

**II.     Discussion**

Oklahoma law provides that "[a]n action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse to the person bringing the action for the purpose of determining such adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession." *Okla. Stat.* tit. 12, § 1141(A). "[T]he purpose of a quiet title action is to determine who is the real owner of the property and to put to rest all adverse claims." *Woodrow v. Ewing*, 263 P.2d 167, 172 (Okla. 1953).

Neither Pace's cross-claim (Doc. 26) nor Silverwood Apartment, L.L.C.'s cross-claim (Doc. 65) contains any allegation that Mark Beesley claims an adverse interest in the Four Oaks, Whispering Oaks, or Silverwood Apartments. In fact, Beesley insists that neither he, nor the Mark Beesley Trust—of which he is the trustee—claims any interest to these properties.[1] Moreover, the cross-claims contain no allegations that Beesley has received rents from these properties since Pace or Silverwood acquired title to them, or that he has maintained any presence on the properties.

In Pace's cross-claim (Doc. 26), Mark Beesley is only mentioned twice: once to assert that "[t]he Final Journal Entry of Judgement and Decree of Foreclosure in *Scott E. Pace, M.D. v. 2507 South 87th East Ave OK, LLC, et. al.* . . . foreclosed any rights and/or claims of Defendant MARK BEESLEY in or to the Silverwood Apartments" and then to assert that "[t]he Agreed Journal Entry of Partial Judgment in *Black Sheep Software, LLC v. Estrella Group, LLC,* . . . foreclosed any claim of MARK BEESLEY in or to the Four Oaks Apartments and the Whispering Oaks Apartments." (Doc. 26 at ¶¶ 6, 15). Beesley is only mentioned once in Silverwood Apartments, L.L.C.'s cross-claim: "The Final Journal Entry of Judgement and Decree of Foreclosure in *Scott E. Pace, M.D. v. 2507 South 87th East Ave OK, LLC, et. al.* . . . foreclosed any rights and/or claims of Defendant MARK BEESLEY in or to the Silverwood Apartments . . . ." (Doc. 65 at ¶ 13).

Pace and Silverwood Apartments, L.L.C., point to a provision in the Oklahoma statutes stating that the plaintiff in a quiet title action "shall not be required to allege the particular estate or interest claimed adversely by the person or persons against whom the action is brought, but may allege that the defendants' claim is adverse to that of the plaintiffs." *Okla. Stat.* tit. 12, § 1141(A).

---

[1] Beesley asserts that the Mark Beesley Trust held a minority interest in TMBRS Property Holdings, LLC ("TMBRS"), thus entitling the Trust to a portion of the profits earned from the apartments. However, Beesley states that the Trust conveyed all of its interest in TMBRS to ZibalStar, L.C., effective as of September 13, 2016. (Doc. 95 at 6). Beesley further contends that his position as manager of TMBRS was terminated by the end of September 2016. (*Id.*). Pace and Tulsa Silverwood, L.L.C., do not claim to have acquired the apartments until August 2017. (Doc. 90 at 9).

The Court first notes that "[a]bsent any conflicting constitutional requirements, federal statutes or Federal Rules of Civil Procedure, a federal district court sitting in diversity applies federal procedural law." *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1203 (citing *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415 (1996)). Yet, even assuming this provision applies here, the Court finds that the cross-claims in question still fail, given that the cross-claimants make no allegation (general or specific) of an adverse claim asserted by Beesley. Therefore, these cross-claims must be dismissed as to Beesley. *See First Nat'l Bank & Tr. Co. of Tulsa v. Price*, 228 P.2d 623, 625 (Okla. 1951) (affirming trial court's dismissal of quiet title claim against woman who made no adverse claim to the mineral interest at stake).

Cross-Defendant Mark Beesley's Motion to Dismiss (Doc. 77) is hereby **granted**. Pace's and Silverwood Apartment, L.L.C.'s cross-claims against Beesley are hereby **dismissed**.

ORDERED this 20th day of February, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE