# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) TMBRS PROPERTY HOLDINGS, LLC, a Utah Limited Liability Company, <br> 2) ZIBALSTAR, L.C., a Utah Limited Liability Company, and <br> 3) GARY BRINTON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> 1) ROBERT CONTE, an individual, <br> 2) MARK BEESLEY, an individual, <br> 3) 2140 S. 109TH EAST OK, LLC, a Texas Limited Liability Company, <br> 4) OXFORDSHIRE HOLDINGS, LLC, a Texas Limited Liability Company, <br> 5) 2507 SOUTH 87TH EAST AVE OK, LLC, a Texas Limited Liability Company, <br> 6) 2523 EAST 10TH STREET OK, LLC, a Texas Limited Liability Company, <br> 7) HEATHROW HOLDINGS, LLC, a Texas Limited Liability Company, <br> 8) SCOTT PACE, an individual, <br> 9) NIDIA RUIZ, an individual, <br> 10) ERIC MANRIQUEZ, an individual, <br><br> Defendants, <br> and <br><br> TULSA SILVERWOOD APARTMENTS, LLC, <br><br> Intervenor/Defendant. | Case No. 17-cv-494-JED-FHM |

## OPINION & ORDER

Plaintiffs TMBRS Property Holdings, LLC ("TMBRS"), Zibalstar, L.C., and Gary Brinton (collectively, "Plaintiffs") initially filed their complaint on August 29, 2017. In this initial complaint, Plaintiffs sought a preliminary injunction and alleged counts of fraud, breach of contract and the implied covenant of good faith and fair dealing, conversion, and conspiracy. The

complaint concerned several properties in Oklahoma, including the Silverwood Apartments in Tulsa. (Doc. 2 at 4-5). On October 23, 2017, Tulsa Silverwood Apartments, LLC ("Tulsa Silverwood") filed a motion to intervene as defendant, cross-claimant, and counter-claimant, which this Court granted. (*See* Doc. 45, 57).

On October 27, 2017, Plaintiffs filed an amended complaint (Doc. 54). The amended complaint contains the same claims as the original complaint, but it does not include a request for a preliminary injunction. (*See id*. at 11-12). Defendants Oxfordshire Holdings, LLC; 2507 South 87th East Ave OK, LLC; 2523 East 10th Street OK, LLC; and Heathrow Holdings, LLC, jointly filed counterclaims against Plaintiffs, (*see* Doc. 99), but all claims between the Plaintiffs and the "Conte Defendants"[1] have since been dismissed (*see* Doc. 132).

On November 2, 2017, Tulsa Silverwood filed claims seeking quieted title, an accounting, and the recovery of rents against the Plaintiffs and against all of its co-defendants except Scott Pace. (*See* Doc. 64, 65). In its present Combined Motion for Partial Summary Judgment and Motion for Writ of Assistance (Doc. 108), Tulsa Silverwood asks the Court to enter partial summary judgment in its favor against the Plaintiffs and Conte Defendants[2] with respect to:

1) Tulsa Silverwood's claim that it is the rightful owner of the Silverwood Apartments;

2) Tulsa Silverwood's claim that it is entitled to immediate possession and control of the Silverwood Apartments; and

3) Tulsa Silverwood's claim that it is entitled to an accounting from all parties of their respective collection of revenues from the Silverwood Apartments from and after August 15, 2017.

---

[1] The "Conte Defendants" include Robert Conte; Oxfordshire Holdings, LLC; 2507 South 87th East Ave OK, LLC; 2140 S. 109th East OK, LLC; 2523 East 10th Street OK, LLC; Heathrow Holdings, LLC; Nidia Ruiz; and Eric Manriquez.

[2] Tulsa Silverwood's cross-claims have been dismissed as to Mark Beesley. (*See* Doc. 114).

2

(Doc. 108 at 2). Tulsa Silverwood also seeks a writ of assistance directing the United States Marshal to evict TMBRS and any other person or persons who are presently in possession of the Silverwood Apartments. (*Id*. at 14). Lastly, Tulsa Silverwood seeks an award of attorney's fees and costs. (*Id*. at 15).

The Conte Defendants jointly submitted a Response (Doc. 131), as did Plaintiffs (Doc. 129). Tulsa Silverwood submitted a Reply (Doc. 133).

I.  **Background**

The following facts are supported by evidence in the record and are construed in favor of the non-movants. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On or about March 12, 2014, Robert Conte ("Conte") purchased the apartment complex known as the Silverwood Apartments in Tulsa, Oklahoma, and the land on which it sits. (Doc. 131-1 at 2 [Conte Decl. at ¶ 3]).[3] Theodore L. Hansen ("Hansen") assisted Conte with this purchase and formed, at Conte's direction, an entity to take title to the Silverwood Apartments called 2507 South 87th East Ave OK, LLC ("2507 South"). (*Id*. [Conte Decl. at ¶¶ 4-5, 7]). Unbeknownst to Conte, Hansen created an operating agreement for 2507 which listed E Z 159, LLC, an entity owned or controlled by Hansen, as the sole member of 2507 South. (*Id*. [Conte Decl. at ¶ 9]).

On March 1, 2015, TMBRS entered into a Master Lease with Option to Purchase with three entity landlords: 2507 South, Oxfordshire Holdings, LLC, and 2523 East 10th Street OK, LLC. (Doc. 129-1 at 2 [Brinton Decl. at ¶ 3]; Doc. 131-1 at 3 [Conte Decl. at ¶ 10]). Under the Master Lease, TMBRS would be the tenant of three apartment complexes, including the Silverwood Apartments. (Doc. 129-1 at 6). The Master Lease was signed by Robert Conte, on behalf of the

---

[3] The page numbers referenced in this Opinion are those found in the header of each document.

3

entity landlords, and by the members of TMBRS. (*Id*. at 20; *id*. at 2 [Brinton Decl. at ¶ 3]). The Master Lease contained the following subordination provision:

> Tenant [TMBRS] hereby subordinates this Lease to the lien of any deed of trust, mortgage or mortgages now or hereafter placed upon Landlord's interest in the Premises and to all renewals, modifications, consolidations or extensions thereof. Although no instrument or act on the part of Tenant [TMBRS] shall be necessary to effectuate such subordination, Tenant agrees to execute, acknowledge and deliver such further instruments subordinating this Lease to any such mortgage(s).

(*Id*. at 15).

On March 19, 2015, Theodore Hansen, acting as manager of 2507 South, encumbered the Silverwood Apartments with a mortgage in exchange for a $825,000 loan from Scott Pace ("Pace"). (Doc. 108-1; Doc. 131-1 at 3 [Conte Decl. at ¶ 11-12]; Doc. 129-1 at 3 [Brinton Decl. at ¶ 9]). Conte insists that he was unaware of this action and that it was outside the scope of Hansen's authority. (Doc. 131-1 at 3 [Conte Decl. at ¶ 11]).

Nevertheless, on March 15, 2017, Judge Mary F. Fitzgerald of the Tulsa County District Court entered a Final Journal Entry of Judgment and Decree of Foreclosure in Case No. CJ-2016-02727 in favor of Pace. (Doc. 108-4).[4] The defendants named in this foreclosure action were 2507 South, Silverwood Properties, LLC, Wells Fargo Bank, N.A., Michael Duffy, Julie Duffy, Richard Victor Hanson, Karen Denise Hanson. (*Id*. at 1). In the Final Journal Entry, Judge Fitzgerald

---

[4] Plaintiffs argue that Tulsa Silverwood "has no authenticated, admissible evidence, whatsoever." (Doc. 129 at 22). They argue that because Tulsa Silverwood failed to authenticate and lay a foundation for its documentary evidence through a declaration or affidavit, summary judgment must be denied. Under the prior version of Fed. R. Civ. P. 56, "it was recognized that an exhibit could be used on a summary-judgment motion only if it were properly made part of an affidavit." 10A Wright & Miller, *Federal Practice and Procedure* § 2722 (4th ed.). However, this specific requirement was omitted when Rule 56 was amended in 2010. *Id*. Instead, Rule 56 now includes "documents" in its list of appropriate supporting materials. *See* Fed. R. Civ. P. 56(c)(1)(A). Moreover, the Court finds that many of Tulsa Silverwood's exhibits are self-authenticating under Fed. R. Evid. 901 and fall under the Rule 803 hearsay exception pertaining to statements in documents that affect an interest in property.

noted that counsel entered an appearance on behalf of 2507 South and Silverwood Properties, LLC, but that these defendants did not answer or otherwise plead. (*Id*. at 2). Conte contends that he had no notice of this foreclosure action. (Doc. 131-1 at 4 [Conte Decl. at 16]). Likewise, Plaintiff Brinton avers that TMBRS was not informed about the foreclosure action. (Doc. 129-1 at 3 [Brinton Decl. at ¶ 15]).

A sheriff's sale of the Silverwood Apartments was conducted on June 27, 2017, and the property was sold to Pace for $932,360. (Doc. 108-5 at 2-3). Judge Fitzgerald entered an Order Confirming Sheriff's Sale (Doc. 108-5) on July 25, 2017. Tulsa County Sheriff Vic Regalado subsequently conveyed the Silverwood Apartments to Pace on August 2, 2017. (Doc. 108-6). A few days later, on August 10, 2017, Pace executed a quit-claim deed conveying the property to Tulsa Silverwood. (Doc. 108-7).

It is futile to discern from the parties' filings and evidence what has happened with the Silverwood apartments since August 2017. Tulsa Silverwood, alone, makes contradictory assertions. In its motion, Tulsa Silverwood alleges, on one hand, that TMBRS "is intentionally, maliciously and unlawfully occupying the Silverwood Apartments and diverting rents from Tulsa Silverwood." (Doc. 108 at 5). On the other hand, it alleges that "one or all of the clients of Michael Linscott, Esq., have wrongfully refused to voluntarily turn over the Silverwood Apartments"— when Michael Linscott is representing the Conte Defendants, not any of the Plaintiffs. (*Id*. at 9). The motion also appears to suggest that TMBRS wrongfully refused to turn over the Silverwood Apartments only until November 1, 2017. (*Id*.).

Plaintiffs, in response, assert that TMBRS does not currently have possession of Silverwood Apartments and does not collect its rents. (Doc. 129-1 at 3 [Brinton Decl. at ¶ 13]). They further assert that TMBRS did not occupy, control, or collect rents from Silverwood

Apartments for all of 2017. (*Id*. at 4 [Brinton Decl. at ¶ 20]). Moreover, the Master Lease expired by its own terms on February 28, 2018, and has not been renewed. (*Id*. [Brinton Decl. at ¶ 19]).

According to the Conte Defendants, Plaintiff Gary Brinton ("Brinton") wrongfully managed the Silverwood Apartments in his own capacity from approximately June 1, 2017, until approximately November 1, 2017. (Doc. 131-1 at 5 [Conte Decl. at ¶ 18]). At that point, Conte allegedly took over control of the apartments for a brief period of time before turning control back over to TMBRS. (*Id*.). The Conte Defendants deny that any one of them presently occupies or manages the Silverwood Apartments. (*Id*. [Conte Decl. at ¶ 19]).

## II.     Legal Standards

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "By its very terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48 (emphasis in original). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The courts thus determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255. The court's role at the summary judgment stage is

not to weigh the evidence or resolve any disputed issues in favor of the moving party. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

## III. Discussion

Under Oklahoma law, a party is not entitled to a decree quieting title without first tendering proof of possession of the property in question. *Bridwell v. Goeske*, 192 P.2d 656, 658 (Okla. 1948). "The chief reason underlying the rule, that plaintiff must have possession, is that, if defendant is in possession the plaintiff has a plain and adequate remedy at law in ejectment and hence equity cannot be invoked." *Id*. This rule does not apply when both the plaintiff and defendant invoke quiet title relief. *Id*.; *see also Evans v. Terrill*, 118 P.2d 250, 252 (Okla. 1941) ("[W]here the plaintiff failed to allege or prove possession, but where the defendant filed an answer and cross-petition, asking that his own title be established and quieted, . . . it was held that the court was thereby given jurisdiction of the entire controversy.").

In this case, none of the Plaintiffs or Conte Defendants have responded to Tulsa Silverwood's quiet title claim by seeking quiet title relief themselves. The Conte Defendants have brought no claims against Tulsa Silverwood at all, and neither their answer to Tulsa Silverwood's cross-claims nor their response to this present motion invokes quiet title relief. (*See* Doc. 79, 131). The claims brought by Plaintiffs, against which Tulsa Silverwood has intervened as a defendant, are legal in nature (*see* Doc. 54), and neither Plaintiffs' answer to Tulsa Silverwood's counterclaims nor their response to this present motion includes a request for quiet title relief (*see* Doc. 78, 129). Subsequently, the general rule applies that Tulsa Silverwood must prove possession in order to obtain the quiet title relief it seeks.

Tulsa Silverwood has brought no evidence that it currently possesses the Silverwood Apartments; in fact, Tulsa Silverwood has repeatedly alleged that Plaintiffs and/or the Conte

7

Defendants have possession of the property. The Court need look no further than Tulsa Silverwood's request for a writ of assistance "directing the United States Marshal for the Northern District of Oklahoma to evict Plaintiff, TMBRS Property Holdings, LLC, Defendants herein, and/or any person or persons who have come into possession of the Silverwood Apartments or any part thereof." (Doc. 108 at 14). This request alone undercuts any proposition that Tulsa Silverwood is currently in possession of the Silverwood Apartments.

Because Tulsa Silverwood has failed to provide evidence that it is currently in possession of the Silverwood Apartments and, instead, alleges that other parties are currently in wrongful possession of the property, the proper cause of action is ejectment. In fact, in its reply brief, Tulsa Silverwood suggests that if this Court characterizes this action as one brought by a party not in possession, "it will technically be an action in ejectment." (Doc. 133 at 5, n.1). "In either case," Tulsa Silverwood argues, "this Court has authority to resolve the title issue and establish management and control of the apartment complex in favor of Tulsa Silverwood." (*Id.*).

Yet, again, Tulsa Silverwood runs into trouble. In an ejectment action, the party seeking ejectment must show that the opposing party is in wrongful possession of the property. *Hodges v. Paschal*, 159 P.2d 715, 716 (Okla. 1945) ("In an ejectment action, it is necessary to allege and prove: 1, title in plaintiff; 2, plaintiff's present right of possession; 3, wrongful possession of defendant."); *Terrill v. Laney*, 193 P.2d 296, 301 (Okla. 1948) ("In order to recover in ejectment it is encumbent upon plaintiff to show that defendant unlawfully and without right keeps plaintiff out of possession."). Although Tulsa Silverwood alleges in its counter- and cross-claims and in this motion that one party or another is in possession of the Silverwood Apartments, the responding parties dispute this fact and have provided supporting affidavits to that end. (*See* Doc. 131-1 at 5 [Conte Decl. at ¶ 19]; Doc. 129-1 at 3 [Brinton Decl. at ¶ 13]). Because there exists a genuine

dispute of material fact as to wrongful possession, the partial summary judgment sought by Tulsa Silverwood must be denied at this time. The Court also finds it inappropriate to grant a writ of assistance, given the dispute over whether any parties are currently in wrongful possession of the apartments.[5]

Lastly, the Court denies Tulsa Silverwood's request for an accounting. In an action for an equitable accounting, "the burden is upon the [party seeking the accounting] to prove his right to the relief sought. He must place in evidence facts which reasonably tend to prove that there is a balance due. Failing this, there is no right to an accounting . . . ." *Strack v. Cont'l Res., Inc.*, 405 P.3d 131, 137 (Okla. Civ. App. 2017) (quoting *Dobry v. Dobry*, 324 P.2d 534, 537 (Okla. 1958)).

Tulsa Silverwood has submitted no proof that any of the Plaintiffs have collected rents from the Silverwood Apartments since the foreclosure was finalized, and Plaintiffs have submitted an affidavit specifically denying that Plaintiff TMBRS collected rents from these apartments in 2017 or that it is presently collecting rents there. (Doc. 129-1 at 3-4 [Brinton Decl. at ¶¶ 13, 20]). Tulsa Silverwood has also failed to provide proof that any Conte Defendants have collected rents since the foreclosure. As such, the Court finds that Tulsa Silverwood has not carried its burden to establish its right to an accounting.

For the foregoing reasons, Tulsa Silverwood's Combined Motion for Partial Summary Judgment and Motion for Writ of Assistance (Doc. 108) is hereby **denied.** Tulsa Silverwood's request for attorney's fees and costs is also **denied**.

ORDERED this 16th day of April, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that the state court's order specifically provides for a writ of assistance, upon application to the Tulsa County Court Clerk, "commanding [the Tulsa County] Sheriff to forthwith oust all persons in possession of said real estate and premises and to place said grantee in the quiet and peaceful possession thereof." (Doc. 108-5 at 3-4).