IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TMBRS PROPERTY HOLDINGS LLC; ZIBALSTAR, L.C. and GARY BRINTON, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT CONTE; MARK BEESLEY; 2140 S. 109TH EAST OK, LLC; OXFORDSHIRE HOLDINGS, LLC; 2507 SOUTH 87TH EAST AVE OK, LLC; 2523 EAST 10TH STREET OK, LLC; HEATHROW HOLDINGS, LLC; SCOTT PACE; NIDIA RUIZ and ERIC MANRIQUEZ, <br><br> Defendants, <br><br> And <br><br> TULSA SILVERWOOD APARTMENTS, LLC <br><br> Intervenor/Defendant. | Case No. 17-CV-494-JFH-FHM |

## OPINION AND ORDER

Before the Court is the Amended Motion for Summary Judgment and Deficiency Judgment ("Motion") [Dkt. No. 183] filed by Defendant Scott Pace ("Pace"). Pace moves for summary judgment on his counterclaims against Plaintiffs TMBRS Property Holdings, LLC, ZibalStar, L.C., and Gary Brinton and on his crossclaims against Defendants Robert Conte, 2140 S. 109th

East OK, LLC, Oxfordshire Holdings, LLC, 2523 East 10th Street OK, LLC, Heathrow Holdings, LLC, Nidia Ruiz and Eric Manriquez. Dkt. No. 183 at 1.[1]

## BACKGROUND

The following material facts are undisputed:

This lawsuit arises from two pieces of real property and the promissory note and mortgage associated therewith. The lawsuit was initiated by Plaintiffs asserting a possessory interest and entitlement to rent proceeds from numerous real properties, two of which are known as Whispering Oaks Apartments and Four Oaks Apartments.[2] Dkt. No. 2. In June of 2017, Defendant 2507 South 87th East Ave OK, LLC ("Defendant 2507") was the owner of both the Whispering Oaks Apartments and the Four Oaks Apartments. Dkt. No. 183-2. On June 30, 2017, Defendant 2507 made, executed and delivered to Jordan K. James, Receiver ("Receiver James"), a written promissory note dated June 30, 2017 (the "Note"). *Id.* The Note obligated Defendant 2507 to pay Receiver James the principle sum of One Million Three Hundred and Sixty-Seven Thousand Six Hundred and Fifty Dollars ($1,367,640.00) together with interest. *Id.* On June 30, 2017, Receiver James assigned the Note to Pace. *Id.*; *see also* Dkt. No. 122 at 7, ¶ 6. To secure the Note, Defendant 2507 made, executed and delivered to Receiver James a Mortgage of Real Estate (the "Mortgage") by which Defendant 2507 mortgaged and conveyed a security interest to Receiver James in the Whispering Oaks Apartments and the Four Oaks Apartments. Dkt. No. 183-3. On June 30, 2017, the Mortgage was assigned to Pace. Dkt. No. 183-4.

---

[1] The Court notes that Defendant Mark Beesley has been terminated from this case. Dkt. No. 107.

[2] The legal description of the Four Oaks Apartments is: The West Half (W/2) of Lot Nine (9) and all of Lot Ten (10), Block Six (6), HIGHLANDS ADDITION an Addition of the City of Tulsa, Tulsa County, State of Oklahoma, according to the Recorded Plat thereof (the "Four Oaks Apartments").

The Note and Mortgage provide that if Defendant 2507 fails to make any payment when due, or if Defendant 2507 fails or neglects to keep or perform any of the other conditions and covenants, the mortgagee may elect to declare the whole sum or sums and interests due and payable at once and proceed to collect said debt, including reasonable attorney fees, and to foreclose the Mortgage, and mortgagee shall be entitled to possession of the Whispering Oaks Apartments and the Four Oaks Apartments. Dkt. No. 183-2 and 183-3.

Defendant 2507 defaulted upon the promissory note on January 1, 2018. Dkt. No. 183-1 at ¶ 8. Pace is the present holder of the Note and Mortgage. Dkt. No. 122 at ¶ 13.

On October 30, 2018, the Court appointed Melanie Richardson as the Receiver ("Receiver Richardson"). Dkt. Nos. 152 and 153. Receiver Richardson sold the Whispering Oaks Apartments to a third-party purchaser for Seven Hundred Seventy-Five Thousand Dollars ($775,000.00). Dkt. No. 183-7. On August 30, 2019, the Court entered an Order granting Pace's Motion for Court Approval of Contract for Sale of Real Estate and Distribution of Net Proceeds [Dkt. No. 171] permitting Receiver Richardson to move forward with the sale of the Whispering Oaks Apartments. Dkt. No. 172. The Court ordered Receiver Richardson "to remit the net proceeds from the sale of the Whispering Oaks Apartments to Defendant Pace in partial satisfaction of the Note and Mortgage, upon which default has been made." *Id.* As a result, Five Hundred Twenty Thousand Seven Hundred and Five Dollars and Sixty Cents ($520,705.60) was remitted to Pace as partial satisfaction of the Note and Mortgage. Dkt. Nos. 183-11 and 183-1 at ¶ 10.

Defendant 2507 remains the owner of the Four Oaks Apartments. *See* Dkt. No. 183-12. As of October 10, 2019, Pace is still owed $1,065,923.72 in addition to interest and various costs and attorneys' fees. Dkt. No. 183-1 at ¶ 11. The Mortgage, held by Pace, is the first lien upon the Four Oaks Apartments. *Id.*

**STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "By its very terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The courts thus determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255. The Court's role at the summary judgment stage is not to weigh the evidence or resolve any disputed issues in favor of the moving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

If a nonmovant fails to dispute the movant's facts by citing to particular parts of materials in the record, the Court may consider the fact undisputed and grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(c) and (e)(2)-(3). Further, where a nonmovant fails to file a response within the time specified by a local rule, he waives the right to file a response and confesses all facts asserted and properly supported in the motion. *Murray v. City of Tahlequah*, 312 F. 3d 1196, 1200 (10th Cir. 2000). This is

consistent with Rule 56(e). *Metropolitan Life Ins. Co. v. Bradshaw,* 450 F. Supp. 3d 1258, 1261 (W.D. Okla. Mar. 30, 2020).

Summary judgment is not proper merely because the nonmovant failed to file a response, however, because the moving party must meet its initial responsibility of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Murray*, 312 F. 3d at 1200. The Court has an independent duty to determine that summary judgment is appropriate. *Waide v. City of Okla. City*, No. CIV-16-817, 2019 WL 1429999, at *6 (W.D. Okla. Mar. 29, 2019).

## DISCUSSION

By his Motion, Pace seeks to recover the balance due on the Note and to foreclose the Mortgage that secures the Note. Dkt. No. 183. Plaintiffs ZibalStar, L.C. and Gary Brinton filed a joint response wherein they stated they "do not admit the facts set forth by Pace . . . ." Dkt. No. 186 at ¶ 2. However, ZibalStar, L.C. and Gary Brinton did not dispute any of Pace's facts with citations to the record. Therefore, the Court considers the material facts set forth by Pace as undisputed by ZibalStar, L.C. and Gary Brinton. Defendants Robert Conte, Oxfordshire Holdings LLC, 2140 S. 109th East OK LLC, 2523 East 10th Street OK, LLC, Heathrow Holdings, LLC, Nidia Ruiz and Eric Manriquez (the "Conte Defendants") submitted a joint response. Dkt. No. 188. The Conte Defendants did not dispute any of Pace's material facts. *Id.* at 3-4. However, the Conte Defendants disputed that any sum is due or owing from any of them. *Id.* at 4. Notwithstanding, the Conte Defendants "do not object to Defendant Pace's entitlement to foreclose on the Mortgage." *Id.* at 6. Finally, Plaintiff TMBRS Property Holdings LLC ("TMBRS") and

Defendant 2507 did not respond to the Motion.[3] The Court considers the material facts undisputed by TMBRS and Defendant 2507 for the purposes of this Motion. Therefore, the Court will conduct its independent review to determine if summary judgment is appropriate as a matter of law since Pace's material facts have not been disputed by any nonmovant.

### I. Foreclosure

#### A. Holder of the Note

The Note and Mortgage are governed by Oklahoma law. Dkt. No. 183-2 at 2 and Dkt. No. 183-3 at 13. A foreclosing party in Oklahoma has the burden of proving it is a person entitled to enforce an instrument by showing he is: "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 12A-3-309 or subsection (d) of Section 12A-3-418." Okla. Stat. tit., 12A § 3-301; *see also Deutsche Bank Nat. Trust Co. v. Matthews*, 273 P.3d 43, 46 (Okla. 2012). To demonstrate one is the "holder" of the note, the holder must establish he is in possession of the note and the note is either "payable to the bearer" (blank indorsement) or to an identified person that is the person in possession (special indorsement). *Deutsche Bank Nat. Trust Co. v. Richardson*, 273 P.3d 50, 53 (Okla. 2012). Such a showing must be made at the time of filing the petition. *Id.*

Here, the Note states, "Lender and its assigns may assign this Note without any obligation to obtain Borrower's consent." Dkt. No. 183-2 at 3. The Note provides a notation, "pay to the order of Scott E. Pace without recourse." *Id.* at 1. Pace also provided an Assignment wherein

---

[3] The Court advised TMBRS and Defendant 2507 that their failure to respond to the Motion may result in the Motion being deemed confessed. Dkt. No. 195. Further, the Court advised TMBRS and Defendant 2507 that their failure to obtain counsel could result in default judgment being entered against them. Dkt. Nos. 193 and 197.

Receiver James assigned the Mortgage to him. Dkt. No. 183-4. The Assignment was recorded on June 30, 2017. *Id.* These documents were attached to Pace's Amended Cross-Claim. Dkt. No. 122. Therefore, Pace demonstrated, at the time of filing, that he is the holder of the Note. None of the nonmovant's have challenged this material fact.

### B. Authenticity and authority

Additionally, the authenticity of and authority to make a note is admitted unless specifically denied in the pleadings. Okla. Stat. 12A, § 3-308. Pace alleged Defendant 2507 made, executed and delivered to Receiver James the Note and Mortgage. Dkt. No. 122 at 7, ¶¶ 6-7. Defendant 2507 denied these allegations in his Answer. Dkt. No. 130 at 5, ¶¶ 6-7. Therefore, "if the validity of a signature is denied in the pleadings, the burden of establishing the validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature." Okla. Stat. tit. 12A, § 3-308(a).

Here, Pace alleged Defendant 2507 made and executed the Note and Mortgage. Dkt. No. 183 at ¶¶ 3, 5 and 6. Pace supported these factual allegations by citing to particular documents. *See* Dkt. Nos. 183-2 and 183-3. Defendant 2507 did not respond or dispute these material facts; they are deemed undisputed. Defendant 2507 has provided no evidentiary support for the denials contained in his Answer. The Court concludes that the authenticity and authority of Defendant 2507 to make the Note and Mortgage are established.

### C. Entitlement to foreclose

Since Pace established he is the holder of the Note and that the Note and Mortgage are valid and authentic, the Court must determine if Defendant 2507 has raised any valid defenses precluding foreclosure. As noted above, Defendant 2507 did not respond to the Motion.

Defendant 2507 has not presented any evidence to this Court that it has indeed made a payment since January 2018; that it has made a tender of sufficient and certified moneys to reinstate the Note; there is no evidence of an extension or renewal of the Note; and there is no evidence of an arrangement or agreement between Defendant 2507 and Pace to delay the entry of the judgment. *See HSBC Bank USA, N.A. v. Lyon*, 276 P.3d 1002, 1005 (Okla. 2012). Defendant 2507 has failed to show any affirmative evidence of payment, has failed to produce a single fact contravening the sworn testimony of Pace's affidavit, the Note or the Mortgage, and has failed to present any evidence to dispute the default. *Id.* at 1006. The Court has already concluded a default has been made upon the Note. Dkt. No. 172 at ¶ 5. Pace's affidavit also establishes default was made upon the Note and Mortgage on January 1, 2018 and that as of October 10, 2019 the principal amount due and owing was $1,065,923.72 plus interest, expenses and attorneys' fees. Dkt. No. 183-1 at ¶¶ 8, 11. Therefore, the Court concludes Defendant 2507 has defaulted upon the Note and Pace is entitled to foreclose the Mortgage.

**II.  Priority of the lien**

Pace contends he holds a first priority lien on the Four Oaks Apartments. Dkt. No. 183-1 at ¶ 11. Plaintiffs ZibalStar, L.C. and Gary Brinton "disclaim[ed] any interest in the Four Oaks Apartments." Dkt. No. 186 at ¶ 1. The Conte Defendants responded to the Motion that they are "prepared to disclaim any interest in the [Four Oaks Apartments] superior to those of Dr. Pace." Dkt. No. 188 at 2. Further, the Conte Defendants did not dispute that "any right, title, lien, estate, encumbrance, assessment or interest claimed by . . . any Defendant in or to the Four Oaks Apartments is subordinate and inferior to the mortgage lien and security interest of Defendant Pace." *Compare* Dkt. No. 183 at ¶ 30 *with* Dkt. No. 188 at ¶ 30.

There is no evidence before the Court that any other Plaintiff or Defendant claims an interest in the Four Oak Apartments superior to Pace's interest. The Court already acknowledged Pace's priority when it ordered the proceeds from the sale of the Whispering Oak Apartments to be remitted to Pace. Dkt. No. 172. The Court concludes Pace's mortgage has priority over any claims of the Plaintiffs and other Defendants.

## CONCLUSION

**IT IS THEREFORE ORDERED** Defendant Scott Pace's Motion for Summary Judgment [Dkt. No. 183] is **GRANTED**. A separate judgment is entered herewith.

DATED this 22nd day of December, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE